# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Originally Filed: October 25, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| GARY KRUGEL, | * | |
| | * | |
| Petitioner, | * | No. 22-139v |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Traci R. Patton,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On February 21, 2024, Gary Krugel ("petitioner") filed a motion for final attorneys' fees and costs. Petitioner's Fees Application ("Fees App.") (ECF No. 43). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for final attorneys' fees and costs and awards a total of $31,407.56.

### I.  Procedural History

Petitioner filed his claim in the National Vaccine Injury Compensation Program[2] on February 10, 2022. Petition (ECF No. 1). Petitioner alleged that the influenza ("flu") vaccine he received on October 29, 2019 caused him to suffer transverse myelitis. *Id.* at Preamble. On October 31, 2023, respondent filed a stipulation for damages, which I adopted as a Decision on Stipulation the same day. Decision (ECF No. 37).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner filed this motion for final attorneys' fees and costs, requesting $31,407.56 in attorneys' fees and costs. Fees App. at 2. Petitioner is requesting $27,708.00 in attorneys' fees, $3,684.76 in attorneys' costs, and $14.80 in his own costs. *Id.* Respondent filed a response to petitioner's motion, stating that "the statutory requirements for an award of attorneys' fees and costs are met in this case," and requests that the special master "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Respondent ("Resp't") Response ("Resp") (ECF No. 45).

This matter is now ripe for adjudication.

**II.     Analysis**

Since the petition for compensation was successful, petitioner is entitled to *reasonable* attorneys' fees and costs. *See* § 15(e)(1) (emphasis added). Reasonable attorneys' fees and costs in Vaccine Act cases are determined using the lodestar approach, which begins with an assessment of a reasonable hourly rate multiplied by a reasonable number of hours expended in the case. *Avera v. HHS*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008.)

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

I have reviewed the billing records attached to petitioner's motion. The hourly rates requested by petitioner for the different attorneys and paralegals that worked on his case are consistent with hourly rates previously awarded to the attorneys and paralegals at the Conway, Homer firm when working on Vaccine Program cases. *See Squires v. Sec'y of Health & Hum. Servs.,* No. 21-39V, 2024 WL 2786409 (Fed. Cl. Spec. Mstr. Apr. 29, 2024). The hours billed to this matter are adequately documented and also reasonably incurred. Accordingly, petitioner's attorneys fees shall be awarded in full.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Further, petitioner's request for $3,684.76 in attorneys' costs are supported by documentation and are associated with costs that are commonly reimbursed for in the Vaccine Program, including obtaining medical records, the filing fee, postage, and retaining a medical expert. Therefore, petitioner's attorneys' costs will be reimbursed in full.

Finally, petitioner is requesting reimbursement for $14.80 of his own costs for postage. Petitioner has submitted documentation of this cost and he shall be reimbursed in full.

2

### III. Conclusion

In accordance with the above, petitioner's motion for final attorneys' fees and costs is hereby **GRANTED.** I find that petitioner is entitled to a reimbursement of attorneys' fees and costs in the total amount of $31,407.56.

Therefore, I award the following:

1) **A lump sum payment in the form of a check payable to petitioner and petitioner's counsel, Ronald C. Homer of $31,407.56.**[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filling a joint notice renouncing their right to seek review.